## UNITED STATES DISTRICT COURT
## DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| DARREN BADGETT | : | CIVIL ACTION NO.: |
| Plaintiff, | : | |
| | : | |
| v. | : | |
| | : | |
| MASSACHUSETTS BAY COMMUTER | : | |
| RAIL COMPANY, LLC. a/k/a MBCR, | : | |
| | : | JURY TRIAL DEMANDED |
| And | : | |
| | : | |
| MASSACHUSETTS BAY | : | |
| TRANSPORTATION AUTHORITY | : | |
| a/k/a MBTA, | : | |
| | : | |
| Defendants. | : | |
| | : | |

### COMPLAINT

COMES NOW the plaintiff, Darren Badgett, by and through the undersigned counsel, MyersLafferty Law Offices, P.C., and claims of the defendant, Massachusetts Bay Commuter Rail Company, LLC, and defendant, Massachusetts Bay Transportation Authority, an amount in excess of the statutory limits, and avers the following:

    1.     Plaintiff, Darren Badgett is an adult individual residing at 1196 Warren Avenue, Brocktonn, Massachusetts 02301.

    2.     Defendant, Massachusetts Bay Commuter Railroad Company, LLC ("MBCR"), is and was at all times material hereto a Limited Liability Company duly organized and existing under and by virtue of law and was engaged in owning and operating a line and system of railroads and railroad properties as a common carrier of goods and passengers for hire in interstate commerce and

1

transportation in, through and between various and several states of the United States and doing business in the City of Boston, MA.

3.     Defendant, Massachusetts Bay Transportation Authority ("MBTA") is and was at all times material hereto a Massachusetts public transportation corporation with a principal place of business located at 10 Park Plaza, Boston, Massachusetts, 02116.

4.     At all times material hereto and for some time prior thereto, plaintiff was in the employ of the defendant MBCR as a general laborer in furtherance of the carrier's business of interstate commerce and transportation by railroad.

5.     At all times material hereto and for some time prior thereto, defendant MBCR operated locomotives and/or trains owned and /or maintained by defendant MBTA.

## COUNT 1

## DARREN BADGETT v. MBCR

## (Federal Employers' Liability Act)

6.     Plaintiff repeats, realleges and incorporates fully herein by reference the allegations contained in paragraphs 1 through 5 as if fully set forth herein.

7.     This action is brought pursuant to the Federal Employers' Liability Act, 45 U.S.C. §§51, et seq. (1908) and the Federal Safety Appliance Act, 49 U.S.C.A. §§20302.

8.     On or about October 15, 2010, while performing his duties as a general laborer out of defendant's Somerville facility, in Somerville, Massachusetts, Mr. Badgett was working within the facility, dumping sand to be used for maintenance into a dumpster when he felt a burning sensation and pain in his right shoulder, arm and fingers.

9.      Plaintiff's injuries were caused, both directly and proximately, by the negligence, gross negligence, carelessness, recklessness, and/or unlawful conduct of the defendant acting by and through its agents, servants and employees and/or its ostensible agents, servants and employees in the following respects:

(a)      failing to use ordinary care to furnish plaintiff with a reasonably safe place to work and fulfill the duties of his employment by failing to provide plaintiff with adequate and safe tools and equipment to safely perform such duties;

(b)      failing to properly maintain, inspect and properly control the area in which plaintiff was required to work;

(c)      failing to warn plaintiff of the unreasonably dangerous conditions and/or hazardous conditions relating to the work area and tasks assigned to plaintiff;

(d)      failing to correct/remedy the unreasonably dangerous and/or hazardous conditions relating to the work area and tasks assigned to plaintiff;

(e)      failing to provide adequate manpower for Mr. Badgett to perform his job safely; and,

(f)      failing to train Mr. Badgett how safely to perform his job.

10.      As a direct and proximate result of the negligence, carelessness, recklessness and/or unlawful conduct of the defendant, as more fully set forth above, plaintiff was caused to suffer severe and permanent injuries, severe shock to his nerves and nervous system, aggravation, acceleration and activation of any and all pre-existing ailments and/or conditions, and more particularly, but not in limitation of any other personal injuries he may have sustained, plaintiff suffered injuries to right shoulder, arm and wrist, by reason of which he has suffered great physical pain and mental distress which he yet suffers and will continue to suffer into the future.

3

11.     As a direct and proximate result of the negligence, carelessness, recklessness and/or unlawful conduct of the defendant, as more fully set forth above, plaintiff was obliged to expend significant sums of money for medical treatment and will be required to expend considerable amounts of money into the future for medical care in order to effect a cure and/or a diminution of his injuries.

12.     As a direct and proximate result of the negligence, carelessness, recklessness and/or unlawful conduct of the defendant, as more fully set forth above, plaintiff has suffered in the past and will continue to suffer into the future significant pain, mental anguish, humiliation and disfigurement and the limitation and restriction of his usual activities, pursuits and pleasures.

13.     As a direct and proximate result of the negligence, carelessness, recklessness and/or unlawful conduct of the defendant, as more fully set forth above, plaintiff has suffered in the past and will continue to suffer into the future a loss of earnings and earning capacity as well as additional financial expenses or losses.

14.     The injuries sustained by plaintiff were caused solely and proximately by the negligence of the defendant, its agents, servants and employees and/or its ostensible agents, servants and/or employees and were in no way caused by any act or omission on the part of the plaintiff.

**WHEREFORE**, plaintiff Darren Badgett demands judgment in his favor and against defendant Massachusetts Bay Commuter Rail Company in an amount in excess of $75,000.00 together with costs, interest and any further and additional relief that this Honorable Court deems appropriate.

## COUNT II
## DARREN BADGETT v. MBTA
### (In Negligence)

### Pendent Jurisdiction Under U.S. Constitution,

### Article III, Section 2)

15.     Plaintiff repeats, re-alleges and incorporated fully herein by reference the allegations contained in paragraphs 1 through 14 as if fully set forth herein.

16.     This action is brought pursuant to the Federal Employers' Liability Act, 45 U.S.C. §§51, et seq. (1908) and the Federal Safety Appliance Act, 49 U.S.C.A. §§20302.20.     On or about October 15, 2010, while working aboard a commuter rail train traveling from South Station to Stoughton, defendant, MBTA negligently required plaintiff to work under unsafe conditions causing plaintiff to be injured.

17.     Plaintiff's injuries were caused, both directly and proximately, by the negligence, gross negligence, carelessness, recklessness, and/or unlawful conduct of the defendant acting by and through its agents, servants and employees and/or its ostensible agents, servants and employees in the following respects:

(a)     failing to use ordinary care to furnish plaintiff with a reasonably safe place to work and fulfill the duties of his employment by failing to provide plaintiff with adequate and safe tools and equipment to safely perform such duties;

(b)     failing to properly maintain, inspect and properly control the area in which plaintiff was required to work;

(c)     failing to warn plaintiff of the unreasonably dangerous conditions and/or hazardous conditions relating to the work area and tasks assigned to plaintiff;

(d)     failing to correct/remedy the unreasonably dangerous and/or hazardous conditions relating to the work area and tasks assigned to plaintiff;

(e)     failing to provide adequate manpower for Mr. Badgett to perform his job safely; and,

(f)     failing to train Mr. Badgett how safely to perform his job.

18.     As a direct and proximate result of the negligence, carelessness, recklessness and/or unlawful conduct of the defendant, as more fully set forth above, plaintiff was caused to suffer severe and permanent injuries, severe shock to his nerves and nervous system, aggravation, acceleration and activation of any and all pre-existing ailments and/or conditions, and more particularly, but not in limitation of any other personal injuries he may have sustained, plaintiff suffered injuries to right shoulder, arm and wrist, by reason of which he has suffered great physical pain and mental distress which he yet suffers and will continue to suffer into the future.

19.     As a direct and proximate result of the negligence, carelessness, recklessness and/or unlawful conduct of the defendant, as more fully set forth above, plaintiff was obliged to expend significant sums of money for medical treatment and will be required to expend considerable amounts of money into the future for medical care in order to effect a cure and/or a diminution of his injuries.

20.     As a direct and proximate result of the negligence, carelessness, recklessness and/or unlawful conduct of the defendant, as more fully set forth above, plaintiff has suffered in the past and will continue to suffer into the future significant pain, mental anguish, humiliation and disfigurement and the limitation and restriction of his usual activities, pursuits and pleasures.

21.     As a direct and proximate result of the negligence, carelessness, recklessness and/or unlawful conduct of the defendant, as more fully set forth above, plaintiff has suffered in the past and will continue to suffer into the future a loss of earnings and earning capacity as well as additional financial expenses or losses.

22.    The injuries sustained by plaintiff were caused solely and proximately by the negligence of the defendant, its agents, servants and employees and/or its ostensible agents, servants and/or employees and were in no way caused by any act or omission on the part of the plaintiff.

**WHEREFORE**, plaintiff Darren Badgett demands judgment in his favor and against defendant Massachusetts Bay Transportation Authority in an amount in excess of $75,000.00 together with costs, interest and any further and additional relief that this Honorable Court deems appropriate.

**A jury trial is demanded.**

MYERSLAFFERTY LAW OFFICES, P.C.

Dated:   *10/10/13*

BY:    _Sean McMahon_
       Sean McMahon, Esquire
       BBO#: 567542
       100 High Street, 20th Floor
       Boston, MA 02110
       (617) 532-0571

BY:    _William L. Myers_
       William L. Myers, Jr., Esquire
       BBO No. 666006
       Suite 810
       1515 Market Street
       Philadelphia, PA 19102
       (215) 988-1229

(Attorneys for Plaintiff Darren Badgett)